# URGENT MOTION UNDER CIRCUIT RULE 27-3(b)

No. 13-57095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,
*Plaintiff-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,
*Defendant-Appellees*,

KAMALA D. HARRIS, Attorney General of California,
*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

**APPELLANTS' URGENT MOTION TO EXPEDITE
AND TO SUBMIT ON THE PAPERS**

**Action Necessary by January 31, 2014**

| | |
|---|---|
| Michael E. Rosman | Michael A. Carvin |
| CENTER FOR | *Counsel of Record* |
| INDIVIDUAL RIGHTS | James M. Burnham |
| 1233 20th Street, N.W. | William D. Coglianese |
| Suite 300 | JONES DAY |
| Washington, DC 20036 | 51 Louisiana Avenue, N.W. |
| 202.833.8400 | Washington, D.C. 20001 |
| | 202.879.3939 |

*Attorneys for Appellants*

This appeal presents nothing for a three-judge panel to decide. Appellants have brought two constitutional claims that are currently foreclosed by binding Supreme Court and Ninth Circuit precedent. Appellants firmly believe that their claims will prevail in the end, but recognize that a panel of this Court cannot redress the claimed constitutional injury because it cannot overturn Supreme Court or Circuit precedent. Because a three-judge panel lacks the authority to accept Appellants' constitutional arguments, and because Appellants will suffer ongoing and irreparable constitutional harm until the Supreme Court alleviates it, Appellants respectfully request that their appeal be expedited, with argument waived, so that they may rapidly take their claims to the forum with the power to vindicate them. Additionally, Appellants submit that the most efficient course may be for this Court's Motions and Oral Screening Panel to simply enter a final decision on the merits following expedited briefing according to the schedule proposed below.

Motions to expedite "will be granted upon a showing of good cause," which includes a showing that "in the absence of expedited treatment, irreparable harm may occur." CIRCUIT RULE 27-12. Here, "good cause" exists on two independent bases, each of which is sufficient to justify expediting this appeal. *First*, there is nothing for a three-judge panel to decide and there is therefore no reason to conduct protracted briefing and argument. *Second*, Appellants are being daily deprived of core First Amendment rights, which constitutes *per se* irreparable

harm. The Appellee Unions continue to take money from Appellants' paychecks for the purpose of funding political expression that Appellants oppose. Because "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), that ongoing harm is irreparable and therefore needs to be addressed at the earliest practicable time.

For both of these reasons, this appeal should be expedited and argument dispensed with. Appellants believe this can be accomplished by shortening only their own time to file briefs, without altering the 30 days that Appellees and Appellee-Intervenor receive for filing their Answering Briefs under Federal Rule of Appellate Procedure 31(a)(1) and under this Court's Time Schedule Order.[1] Specifically, Appellants propose the following schedule:

- Opening Brief – Due one week after this Motion is granted.
- Answering Briefs – Thirty days after the Opening Brief is filed.
- Optional Reply Brief – Three days after the Answering Briefs are filed.
- Appellants request that oral argument be waived.

Appellants further request that, once expedited briefing is complete, this Court's Motions and Oral Screening Panel issue a decision on the merits. *See* NINTH CIRCUIT G.O. 6.2(a) ("The court shall appoint, for each month, a panel

---

[1] Additionally, because the District Court granted judgment in Appellees' favor without conducting a hearing (as Appellants requested), there is no transcript that needs to be prepared.

composed of three members of the court to serve on the motions and oral screening calendars."). This Court's General Order 6.5(a) provides that "[c]ases are assigned to [] screening calendars" when they are "eligible for submission without oral argument under FRAP 34(a)" and "meet all of the following criteria: (1) The result is clear. (2) The applicable law is established in the Ninth Circuit based on circuit or Supreme Court precedent." NINTH CIRCUIT G.O. 6.5(a). This case falls squarely within those parameters. As explained, "the dispositive issue or issues have been authoritatively decided" by the Supreme Court and a prior panel of this Court, FED R. APP. P. 34(a)(2)(B), making the "result . . . clear." NINTH CIRCUIT G.O. 6.5(a). There is no need to expend limited judicial resources by sending this appeal to another panel for straightforward application of "[t]he applicable law." *Id.* Judicial economy is thus best served by the same panel that considers this Motion submitting this case without argument and rendering a decision as soon as briefing is complete.

Appellants have sought Appellees and Appellee-Intervenor's consent to this Motion. Though those parties agree that binding precedent currently forecloses Appellants' claims, they have declined to join in this Motion. In light of the irreparable harm that Appellants are suffering on an ongoing basis, Appellants respectfully request urgent consideration of this Motion under Circuit Rule 27-3(b), and a ruling on this Motion by January 31, 2014.

1. The compelling and obvious reason for expediting is Appellants' undisputed acknowledgment that this Court cannot vindicate their claims. Appellants challenge the constitutionality of two practices engaged in by Appellees under the authority of California law. First, Appellees impose an agency-shop arrangement that forces public-school teachers within their respective school districts to fund all union expenditures supposedly germane to collective bargaining, despite the fact that this bargaining—which involves negotiating with public school districts over core education policies and the expenditure of limited tax dollars—is core political expression with which Appellants disagree. Second, Appellees further require public school teachers who are not union members to affirmatively register their dissent every year (in writing) if those non-members wish to protect their established First Amendment right to not fund union political activities unrelated to collective bargaining. In Appellants' view, these practices and the laws that authorize them violate Appellants' First Amendment rights. *See generally Knox v. Serv. Emps. Int'l Union*, 132 S. Ct. 2277, 2284-96 (2012) (indicating a willingness to revisit prior precedent on these issues).

All parties to this case, however, agree that under currently binding precedent, Appellants cannot prevail on either of these claims. The first claim is foreclosed by a decision of the Supreme Court, and the latter is foreclosed by Circuit precedent. There is therefore nothing to be gained from extensive litigation

-4-

in this Court, and both the Court's and the parties' resources are best conserved by expediting briefing and dispensing with oral argument.

    a.    The Supreme Court's decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), rejected First Amendment objections to the agency-shop regime that Appellees employ. *Abood* is, of course, binding on this Court. Although Appellants believe the Supreme Court is likely to revisit *Abood*, this Court cannot take that step on its own. "[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (internal quotation marks omitted).

    b.    This Court's decision in *Mitchell v. L.A. Unified School District*, 963 F.2d 258 (9th Cir. 1992), upheld the constitutionality of requiring non-union-members to opt out of funding union expenditures unrelated to collective bargaining, rather than authorizing such contributions only if the non-member affirmatively opts in. *Mitchell* thus precludes Appellants' claim that this practice is unconstitutional. That decision, like *Abood*, is binding on all panels of this Court. Three-judge panels may revisit Circuit precedent only if "the relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335

F.3d 889, 900 (9th Cir. 2003) (en banc); *see also, e.g.*, *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) ("[A] published decision of this court constitutes binding authority which 'must be followed unless and until overruled by a body competent to do so.'" (quotation omitted)) (en banc). Neither the Supreme Court nor this Court sitting en banc has issued an opinion that is "clearly irreconcilable" with *Mitchell*. That decision therefore remains binding.[2]

    c.    Both Appellees and the Appellee-Intervenor Attorney General agree with this analysis—the upshot of which is, of course, that those parties *prevail* in this forum. Indeed, those parties readily informed the District Court that judgment on the pleadings against Appellants was proper in light of *Abood* and *Mitchell*. *See* Def. Opp. to MJOP, Dkt. No. 90 at 4 (Aug. 9, 2013) ("[T]his Court is bound to follow the controlling decisions that establish the constitutionality of the practices they are challenging, notwithstanding [Appellants'] hopes that those decisions may be overturned by the appellate courts."); Def.-Intervenor's Response to MJOP, Dkt. No. 104 at 1 (Nov. 25, 2013) ("[C]ontrolling Supreme Court and Ninth Circuit authority establish the constitutionality of the practices [Appellants] are challenging."); *see also, e.g.*, *Miller*, 335 F.3d at 900 (explaining that the same "irreconcilability" standard applies to "a three-judge panel of this court and district

---

[2] Moreover, even if *Mitchell* were not binding, this Court could afford Appellants only partial relief which they seek in the alternative if their basic challenge to mandatory contributions of *any* fees in *any* circumstances is denied. It is not an appropriate or efficient use of judicial resources to engage in piecemeal litigation over the availability of alternative, partial relief which assumes the unavailability of the requested relief.

courts"). There is ample "cause" to expedite—and no reason to prolong—a process with an inevitable outcome.

    2.    "Good cause" to expedite this appeal further exists for the independent reason that Appellants are suffering an ongoing deprivation of core First Amendment rights. Good cause is present where "irreparable harm may occur." CIRCUIT RULE 27-12. And this Court has long recognized that a party can establish irreparable harm "by demonstrating the existence of a colorable First Amendment claim." *Sammartano v. First Judicial Dist. Court, in & for Cnty. of Carson City*, 303 F.3d 959, 973 (9th Cir. 2002) (citing *San Diego Committee v. Governing Board,* 790 F.2d 1471 (9th Cir.1986)); *see also Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 (9th Cir. 2007) ("The fact that the plaintiffs have raised serious First Amendment questions compels a finding that there exists the potential for irreparable injury ….") (internal quotation marks omitted)).

    Appellants maintain that Appellees' agency-shop scheme violates their First Amendment rights by forcing them to subsidize political expression with which they fundamentally disagree. While this Court is foreclosed by *Abood* and *Mitchell* from accepting Appellants' claims, the Supreme Court can do so. Thus, the general principle that First Amendment harm should be alleviated as soon as practicable by the federal judiciary supports enabling Appellants to reach the one Court that can redress their harms as expeditiously as possible. This is particularly

-7-

true because the Supreme Court last year questioned the constitutional validity of *Abood* and *Mitchell*. Specifically, in *Knox*, the Court noted that "[b]y authorizing a union to collect fees from nonmembers and permitting the use of an opt-out system for the collection of fees levied to cover nonchargeable expenses, our prior decisions approach, if they do not cross, the limit of what the First Amendment can tolerate." 132 S. Ct. at 2291.

Appellants filed their claims because the practices at issue *do* "cross[] the limit of what the First Amendment can tolerate." *Id.* These colorable First Amendment claims require providing the Supreme Court with the earliest possible opportunity to decide whether it will redress Appellants' irreparable injury, which supplies "good cause" for expedited briefing.

## **CONCLUSION**

Appellants respectfully request that the Court grant their Motion to expedite the briefing schedule, adopt the schedule proposed herein, waive argument, and render a final decision as quickly as practicable. Appellants also respectfully request that this case be submitted to the Court's Motions and Oral Screening Panel for a decision on the merits.

-9-

Dated: January 2, 2014          Respectfully submitted:

/s/ Michael A. Carvin
Michael A. Carvin
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing Urgent Motion to Expedite and to Submit on the Papers with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Donald E. Carter*

*Counsel for Appellee Ruth Pérez*

Dated: January 2, 2014

Respectfully submitted,

   /s/ Michael A. Carvin
Michael A. Carvin
macarvin@jonesday.com
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

*Counsel for Appellants*