No. 13-57095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,
*Plaintiffs-Appellants,*
v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,
*Defendants-Appellees,*

KAMALA D. HARRIS, Attorney General of California,
*Defendant-Intervenor.*

On Appeal from the United States District Court
For the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

**OPPOSITION OF DEFENDANTS-APPELLEES CALIFORNIA TEACHERS ASSOCIATION, *et al.* TO APPELLANTS' URGENT MOTION TO EXPEDITE AND TO SUBMIT ON THE PAPERS**

JASON WALTA
National Education Association
Office of General Counsel
1201 16th Street, NW
Washington, DC 20036
Telephone: (202) 822-7041
jwalta@nea.org

JEREMIAH A. COLLINS
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, DC 20005
Telephone: (202) 842-2600
jcollins@bredhoff.com

LAURA P. JURAN
JACOB F. RUKEYSER
California Teachers Association
Legal Department
1705 Murchison Drive
Burlingame, California 94010
Telephone: (650) 552-5414
ljuran@cta.org
jrukeyser@cta.org

JEFFREY B. DEMAIN
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
jdemain@altshulerberzon.com

Attorneys for Defendants-Appellees
California Teachers Association, *et al.*

Plaintiffs-Appellants ("Plaintiffs") assert a First Amendment challenge to California statutes requiring that any educational employee who is represented by a union but chooses not to become a union member must (1) pay an agency fee to support the union's "chargeable" expenditures (*i.e.*, those germane to collective bargaining), and (2) "opt out" on an annual basis if he or she does not wish to contribute to the union's "non-chargeable" expenditures.

Plaintiffs acknowledge that mandatory agency fees were upheld in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), and that the use of an "opt out" procedure was upheld in *Mitchell v. Los Angeles Unified School District*, 963 F.2d 258 (9th Cir. 1992). *See* Appellants' Urgent Motion to Expedite and to Submit on the Papers ("Motion to Expedite") at 5. But Plaintiffs read the Supreme Court's subsequent decision in *Knox v. Service Employees Int'l Union, Local 1000*, 132 S. Ct. 2277 (2012), as "indicating a willingness to revisit prior precedent on these issues." Motion to Expedite at 4. Stating that "this Court cannot vindicate their claims," *id.*, and that they are suffering irreparable injury, *id.* at 7-8, Plaintiffs ask the Court to expedite the briefing of this appeal and to decide the case "as quickly as practicable" on the papers, via a motions panel and without oral argument, *id.* at 8, so that Plaintiffs may proceed to seek review in the Supreme Court.

For the following reasons, the Motion to Expedite should be denied.

1. Plaintiffs neglect to note that a case already is pending in the Supreme Court in which the contention that *Abood* should be overruled is being advanced not only by the petitioners in that case but also by the Plaintiffs here, as *amici curiae*. *See* Brief of California Public-School Teachers, Christian Educators Association International and Center for Individual Rights as *Amici Curiae* in Support of Petitioners, *Harris Quinn*, U.S. S. Ct. No. 11-681.[1] At issue in *Harris* is whether a state may, consistent with the First Amendment, require personal assistants providing home-based rehabilitation services to pay an agency fee to the union the assistants selected as their exclusive collective bargaining representative. The Seventh Circuit answered that question in the affirmative based on *Abood*. *See Harris v. Quinn*, 656 F.3d 692, 694 (2011). Before the Supreme Court, the petitioners in *Harris* are seeking to overturn that result, arguing, *inter alia*, that *Abood* "should be overturned" or "limited to its narrow facts." Brief of Petitioners at 14-15, *Harris v. Quinn* (No. 11-681).[2]

---

[1] The brief is available at http://www.americanbar.org/content/dam/aba/publications/supreme_court_preview/briefsv3/11681_pet_amcu_cpst_etal.authcheckdam.pdf.

[2] The brief is available at http://www.americanbar.org/content/dam/aba/publications/supreme_court_preview/briefsv3/11681_pet.authcheckdam.pdf.

As *Harris* is to be argued in barely two weeks, on January 21, 2014, [3] under the time schedule previously set by this Court it is likely that *Harris* will have been decided before the filing of Plaintiffs' opening brief, which is currently due on May 27. And it is certain that *Harris* will have been decided before Defendants' opposition brief, the Attorney General of California's opposition brief, and Plaintiffs' reply brief are due. If *Harris* analyzes and reaffirms *Abood*, that will be the end of Plaintiffs' principal claim here. If *Harris* overrules *Abood* in whole or in part, this Court will be in a position to apply to this case whatever new law the Court may articulate – which might range from declaring public sector agency fees unconstitutional as a general matter to defining particular circumstances in which such fees would or would not be permissible.

As for Plaintiffs' subsidiary claim concerning the "opt-out" system that was upheld in *Mitchell*, the decision in *Harris* might announce new principles of agency fee law pursuant to which a panel would have authority to revisit *Mitchell*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*) (panel may revisit Circuit precedent if the Supreme Court has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). And in any event, if Plaintiffs believe that the panel

---

3 *See* http://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalJan2014.pdf.

decision in *Mitchell* was incorrect, they are free to present that issue to this Court *en banc*.

Plaintiffs therefore are incorrect in maintaining that nothing would be served by briefing this appeal in accordance with the schedule this Court has set. Indeed, if any change to the briefing schedule were appropriate, it would be to extend the due date for Plaintiffs' opening brief so that any potential impact of *Harris* may be addressed in that brief.

2. If the Court were to grant the motion to expedite, the result would not be any speedy ruling by the Supreme Court, but rather a period of delay that would persist, in any event, until long after that Court issues its decision in *Harris*. The last date on which the Supreme Court will hear argument this Term is April 30, 2014.[4] So, even if the Motion to Expedite were granted and the Supreme Court were to grant certiorari, the matter could not be heard until the opening of the Supreme Court's next term in October, at the earliest.[5] The "expedition" Plaintiffs

---

[4] *See* www.supremecourt.gov/oral_arguments/2013termcourtcalendar.pdf.

[5] Nor is there any likelihood that the Supreme Court would grant a request for an injunction in the meantime. In contrast to the Supreme Court's broad authority to grant a stay, "[t]he only source of authority for th[e] Court to issue an injunction is the All Writs Act, 28 U.S.C. § 1651(a)," and the Court "'ha[s] consistently stated, and [its] Rules so require, that such power is to be used sparingly.'" *Hobby Lobby Stores, Inc. v. Sebelius*, 133 S. Ct. 641, 642 (2012) (Sotomayor, J., in chambers) (quoting *Turner Broad. Sys., Inc. v. FCC*, 507 U.S. 1301, 1303 (1993) (Rehnquist, C.J., in chambers)). Even where litigants "will face irreparable harm" absent an injunction, no injunction can issue if the litigants "cannot show that an

are seeking therefore would save little if any time in achieving a final resolution of this case, and is not worth the cost of rushing to judgment before the Supreme Court issues its decision in *Harris*.

3. In any event, Plaintiffs are *not* suffering irreparable injury while this case is litigated. Plaintiffs have been paying agency fees pursuant to an opt-out system for many years – as far back as 1997. *See* Complaint (C.D. Cal. Docket No. 1) ¶ 19. Far from treating this as an urgent matter, Plaintiffs waited ten months after *Knox* had been decided before filing suit, and they waited nearly a month after the district court's decision before filing their eight-page Motion to Expedite. Plaintiffs do not assert that paying agency fees subjects them to a significant financial burden; nor are they harmed by the opt-out requirement, which all of them have satisfied, *see* Complaint ¶¶ 11-19, and which in any event involves nothing more than checking a box on a form, *see* Answer (C.D. Cal. Docket No. 66) ¶¶ 2-4 and Exhibit A thereto.

Unable to point to any actual harm, Plaintiffs advance the abstract proposition that irreparable harm is established whenever a litigant has asserted "a

---

injunction is necessary or appropriate to aid [the Supreme Court's] jurisdiction." *Id.* at 643. Here, the Supreme Court's jurisdiction to review this case will not be impaired by the absence of an injunction, so injunctive relief cannot be granted. And there is a second prerequisite to the issuance of an injunction by the Supreme Court, which Plaintiffs likewise cannot satisfy: such an injunction may issue only where "the legal rights at issue are indisputably clear." *Id.* at 642-43 (quoting *Wisconsin Right to Life, Inc. v. Federal Election Comm'n*, 542 U.S. 1305, 1306 (2004) (Rehnquist, C.J., in chambers)).

colorable First Amendment claim." Motion to Expedite at 7 (quoting *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002)). But if a claim, whether "colorable" or not, lacks merit, a litigant is not suffering any injury. To treat a mere *possibility* of irreparable harm as if it were a *probability* is, as this Court has recognized, an "aspect of this circuit's [previous] approach" with which "the Supreme Court [has] disagreed." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008)). Plaintiffs cannot manufacture irreparable injury out of nothing more than the hope that their claims, which they acknowledge are presently foreclosed, might be vindicated by a subsequent change in the law.

It thus is inconsistent for Plaintiffs to say, on the one hand, that this Court must find their constitutional claims to be foreclosed, and, on the other hand, that this Court should assume that they are suffering an irreparable loss of constitutional rights. The binding precedent that upholds the statutes and agency fee system Plaintiffs are challenging also establishes that Plaintiffs cannot be assumed to be suffering any injury – irreparable or otherwise.

CONCLUSION

For the reasons stated above, the Motion to Expedite should be denied.

Respectfully submitted,

*/s/ Jeremiah A. Collins*

JASON WALTA
National Education Association
Office of General Counsel
1201 1
6th Street, NW
Washington, DC 20036
Telephone: (202) 822-7041
jwalta@nea.org

JEREMIAH A. COLLINS
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, DC 20005
Telephone: (202) 842-2600
jcollins@bredhoff.com

LAURA P. JURAN (#199978)
JACOB F. RUKEYSER (#233781)
California Teachers Association
Legal Department
1705 Murchison Drive
Burlingame, California 94010
Telephone: (650) 552-5414
ljuran@cta.org
jrukeyser@cta.org

JEFFREY B. DEMAIN (#126715)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
jdemain@altshulerberzon.com

Attorneys for Defendants-Appellees
California Teachers Association, *et al.*

Dated: January 8, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2014, on behalf of Defendants-Appellees, I electronically filed the foregoing Opposition to Appellants' Urgent Motion to Expedite and to Submit on the Papers with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Ruth Pérez*

             */s/ Jeremiah A. Collins*
             Jeremiah A. Collins