# URGENT MOTION UNDER CIRCUIT RULE 27-3(b)

No. 13-57095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,
*Plaintiff-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,
*Defendant-Appellees*,

KAMALA D. HARRIS, Attorney General of California,
*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

**APPELLANTS' REPLY ON URGENT MOTION TO EXPEDITE
AND TO SUBMIT ON THE PAPERS**

**Action Necessary by January 31, 2014**

| | |
|---|---|
| Michael E. Rosman<br>CENTER FOR<br>INDIVIDUAL RIGHTS<br>1233 20th Street, N.W.<br>Suite 300<br>Washington, DC 20036<br>202.833.8400 | Michael A. Carvin<br>*Counsel of Record*<br>James M. Burnham<br>William D. Coglianese<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>202.879.3939 |

*Attorneys for Appellants*

Appellees agree that Appellants' claims fail under current law. They therefore should agree to a schedule under which they prevail in this Court with minimal drain on the parties' and the Court's resources. Appellees have expressed concern, however, about affirming the district court's decision prior to the Supreme Court issuing its ruling in *Harris v. Quinn* (11-681). Appellants have no objection to adopting a briefing schedule that accommodates that concern while ensuring that this appeal is adjudicated on an expedited timetable without the lengthy delay associated with waiting for an oral argument in the normal course.

Appellants therefore propose that this Court order their appeal expedited, with Appellants' Opening Brief due on July 1, 2014, Appellees' Answering Briefs due thirty days later (July 31), and Appellants' Reply due three days after that (August 4). Thus, briefing will only commence after *Harris* has been decided. This will accommodate Appellees' desire to await the *Harris* decision before briefing, while avoiding the wholly unnecessary delay entailed in waiting for oral argument in the likely event that *Harris* does not overturn *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), and its progeny. If, as is likely, *Abood* remains binding law after *Harris*, this Court will remain unable to favorably resolve Appellants' First Amendment claims and should therefore expeditiously affirm the district court's entry of judgment on the pleadings for Appellees without argument. In the unlikely event that *Harris* overturns *Abood* and its progeny, this Court can

then either grant Appellants the relief they seek (after argument) or remand this case to the district court for further proceedings.

The advantage to this approach is that this Court will be in a position to issue its decision without oral argument by mid-August. That will, in turn, minimize both the irreparable harm that Appellants suffer and the demands on this Court's resources from protracted briefing and unnecessary oral argument in a case that is currently controlled by binding precedent. For those same reasons, the most efficient course is for the same Motions and Oral Screening Panel that resolves this Motion to simply keep this appeal for decision on the merits.

1. Appellees propose that this Court delay adjudicating this appeal until after the Supreme Court's decision in *Harris*. Should this Court agree that this is the most prudent course, it should commence Appellants' proposed briefing schedule on July 1, 2014, after the Supreme Court will have released its final opinions for the term. That would provide ample time for the parties to address *Harris* in their briefs. It would also give this Court ample time to assess the impact of *Harris* in its decision. Since *Harris* will alter the outcome here only if it explicitly overturns *Abood*—given the strict standard governing the abrogation of Supreme Court precedent, *see Agostini v. Felton*, 521 U.S. 203, 237 (1997)—odds are that *Abood* will require the same outcome post-*Harris* that it requires now: summarily affirming the district court. By dispensing with an unnecessary oral

argument, this schedule will put this Court in a position to rule by mid-August, thus enabling Appellants to take their claims to a tribunal with the authority to vindicate them in a timely fashion.[1]

2.      Appellees make the separate claim that "Plaintiffs are *not* suffering irreparable injury while this case is litigated." (Opp. at 5.) That is wrong. This Court has repeatedly affirmed that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). That basic principle recognizes that it is important to abate First Amendment injuries as quickly as possible. The fact that *this Court* cannot abate Appellants' First Amendment harms—as all sides acknowledge—simply *underscores* the need for expedited treatment that enables Appellants to quickly take their claims to a forum that can vindicate them.[2]

---

[1] Appellees suggest that *Harris* might affect their second claim by effectively overturning this Court's decision in *Mitchell v. L.A. Unified School District*, 963 F.2d 258 (9th Cir. 1992). That is incorrect. Petitioners in *Harris* are pressing a facial challenge to a forced-payment regime. That challenge contains no "opt out" component and so there is no plausible basis for the Supreme Court to address that issue in *Harris*. The only possible outcome—which the above proposal fully accommodates—is that the Supreme Court will use *Harris* to overturn *Abood*.

[2] Appellees claim that Appellants cannot assert irreparable injury on the basis of "hope" that their First Amendment claims will ultimately prevail. (Appellees Opp at 6.) But the cases that Appellees cite address only the propriety of preliminary injunctions when it is uncertain whether the alleged harm will actually occur. *See, e.g.*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21

\* \* \*

In sum, there is ample basis for expediting this appeal and little that counsels against it. Appellants therefore respectfully request that the Court grant their Motion to Expedite, but do not oppose the Court accommodating Appellees' concerns by making the Opening Brief due on July 1, 2014, the Answering Briefs due thirty days later (July 31), and Appellants' Reply Brief due three days after that (August 4). The Court should, however, dispense with oral argument and render a final decision as quickly as practicable upon completion of briefing. To that end, Appellants respectfully submit that the most efficient course would be for the Motions Panel that decides this Motion to simply retain Appellants' appeal through a final decision on the merits.

## CONCLUSION

Appellants respectfully request that the Court grant their Urgent Motion to Expedite.

---

(continued…)

(2008) ("[T]he Navy contends that plaintiffs' alleged injuries are too speculative to give rise to irreparable injury, given that ever since the Navy's training program began 40 years ago, there has been no documented case of sonar-related injury to marine mammals in SOCAL."). Here, by contrast, all agree that the asserted harm is occurring; the only dispute is about whether it is a cognizable First Amendment injury. And since *that* issue turns on what the First Amendment means, the longstanding principle that First Amendment harms are per se "irreparable," *Valle Del Sol*, 709 F.3d at 828, applies fully here.

-4-

-5-

Dated:  January 14, 2014                     Respectfully submitted:


/s/ Michael A. Carvin
Michael A. Carvin
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
(202) 879-3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing Urgent Motion to Expedite and to Submit on the Papers with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Ruth Pérez*

Dated: January 14, 2014

Respectfully submitted,

   /s/ Michael A. Carvin
Michael A. Carvin
macarvin@jonesday.com
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

*Counsel for Appellants*