No. 13-57095

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,

*Plaintiffs-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,

*Defendants-Appellees*,

KAMALA D. HARRIS, Attorney General of California,

*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

# APPELLANTS' RENEWED MOTION
# TO EXPEDITE AND TO SUBMIT ON THE PAPERS

Michael E. Rosman
CENTER FOR
INDIVIDUAL RIGHTS
1233 20th Street N.W.
Suite 300
Washington, DC 20036
202.833.8400

Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*

Under currently binding precedent, a three-judge panel of this Court can resolve this appeal in only one way: by affirming the district court on both of Appellants' First Amendment claims. Because there is nothing for this Court to do but affirm the district court's ruling, and because Appellants are currently being deprived of their First Amendment rights on an ongoing basis, Appellants submit that the most appropriate and efficient course would be to immediately submit this case to a Screening Panel of this Court after briefing has completed on August 4, 2014, without oral argument, for immediate decision.

Accordingly, Appellants hereby renew their prior request that the Court expedite this appeal. *See* Dkt. No. 7 (Jan. 2, 2014). This Court denied that earlier motion "without prejudice to renewal after the Supreme Court issues a decision in" a related case, *Harris v. Quinn* (No. 11-681). Dkt. No. 16 (Jan. 30, 2014). The Court issued its decision in *Harris* yesterday, and that decision confirms both that Appellants' claims are presently foreclosed but also that the practices Appellants challenge "impose a heavy burden on [] First Amendment interests." Slip op. at 37 (June 30, 2014). Expedition is warranted.[1]

1.       In this case, Appellants (public-school teachers) challenge the constitutionality of two practices engaged in by Appellees (public-teachers unions and public-school superintendents) under the authority of California law: (1) the

---

[1] Appellants have sought Appellees and Appellee-Intervenor's consent to this Motion. Though those parties agree that binding precedent currently forecloses Appellants' claims, they have declined to join in this Motion. Also, because this case was decided on the pleadings without argument, there is no transcript awaiting preparation. *See* CIRCUIT RULE 27-12 (requiring statement regarding "the status of transcript preparation and opposing counsel's position").

public-sector "agency shop," under which Appellants, as a condition of employment, must financially support all union expenditures supposedly germane to collective-bargaining; and (2) the requirement that all teachers who are not union members annually "opt out" of funding union political activities unrelated to collective-bargaining. Appellants have always acknowledged, however, that both claims are currently foreclosed by binding precedent of the Supreme Court and this Court. *See Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 232 (1977) (allowing public-sector agency shop); *Mitchell v. L.A. Unified Sch. Dist.*, 963 F.2d 258, 263 (9th Cir. 1992) (allowing opt-out regime). It is Appellants' intention to seek a decision of the Supreme Court that overturns *Abood* and invalidates *Mitchell*.

2.     Because there is currently nothing for a panel of this Court to decide, Appellants previously submitted a motion to expedite in January 2014, shortly after filing their Notice of Appeal. In that motion, Appellants requested that the Court expedite the briefing schedule and submit the case for decision without argument. Dkt. No. 7 at 2. In their response, Appellees contended that the briefing schedule should not commence until after *Harris* was decided, as *Harris* itself involved a challenge to *Abood*. Dkt. No. 10 at 4 (Jan. 8, 2014). To accommodate this position, Appellants proposed a modified briefing schedule that would not commence until after the final day that the Supreme Court would be issuing opinions this term. Dkt. No. 13 at 1 (Jan. 14, 2014). Appellees did not oppose this proposed schedule, but asked the Court to wait to decide whether to conduct oral argument until after the decision in *Harris* issued. Dkt. No. 15 at 3 (Jan. 16, 2014). Consistent with that request, the Motions Panel adopted Appellants' proposed

briefing schedule, but otherwise denied the motion without prejudice to renewal following the decision in *Harris*. Dkt. No. 16.

3.      Now that the Supreme Court has decided *Harris*, it has only grown more clear that expedition is warranted.

a.      First, *Harris* reaffirms that there are no issues for a panel of this Court to decide at this time. Although the Supreme Court emphasized that its prior decision in *Abood* "is questionable on several grounds," the Court ultimately found it "unnecessary for us to reach petitioners' argument that *Abood* should be overruled." Slip op. at 17, 27 n.19. As a result, it remains the case that a panel of this Court can do nothing but affirm the district court's judgment in favor of Appellees. Indeed, Appellees and the Appellee-Intervenor Attorney General have always agreed that Appellants' claims are currently foreclosed by *Abood* and its progeny. *See* Dkt. No. 10 at 1; Dkt. No. 14-1 at 1 (Jan. 15, 2014). Because *Harris* did not overrule *Abood* (which would also invalidate this Court's decision in *Mitchell*), there are literally no issues for this Court to decide.

That being the case, this is the paradigmatic example of an appeal that should be decided by a Screening Panel. This Court's General Order 6.5 provides that a case "should be assigned to the screening calendar[]" when it is "eligible for submission without oral argument under FRAP 34(a)," and when two additional criteria are met: "[t]he result is clear," and "[t]he applicable law is established in the Ninth Circuit based on circuit or Supreme Court precedent." NINTH CIRCUIT G.O. 6.5(a); *see also* FED. R. APP. P. 34(a)(2)(B) ("oral argument is unnecessary" where "the dispositive issue or issues have been authoritatively decided"). Here,

3

all three of those requirements are satisfied by the same fact—namely, that *Abood* and *Mitchell* fully resolve Appellants' claims.  Accordingly, there is no reason for this case to consume the limited resources of a Merits Panel.  And there is obviously no need for the Court to conduct oral argument.  Although Appellees previously opposed a ruling on Appellants' request to waive argument until after the decision in *Harris* issued, *Harris*'s maintenance of the formal status quo confirms that oral argument would be an empty endeavor.

      b.    *Harris* also confirms that Appellants have raised colorable First Amendment claims, providing "good cause" to expedite under this Court's rules.  *See* CIRCUIT RULE 27-12 (motions to expedite "will be granted upon a showing of good cause," which "includes … situations in which … in the absence of expedited treatment, irreparable harm may occur").  Although the Supreme Court in *Harris* did not decide whether to overrule *Abood*, its decision cataloged the "evident and troubling" legal errors underlying that line of precedent (slip op. at 17), thus reaffirming the serious First Amendment issues at stake in this case.[2]  And under this Court's precedent, "the existence of a colorable First Amendment claim"

---

[2] *See, e.g.*, *id.* at 17 ("Surely a First Amendment issue of this importance deserved better treatment [than *Abood* provided]."); *id.* ("*Abood* failed to appreciate the difference between the core union speech involuntarily subsidized by dissenting public-sector employees and the core union speech involuntarily funded by their counterparts in the private sector."); *id.* at 19 ("*Abood* [] did not foresee the practical problems that would face objecting nonmembers.").  The Court also identified serious First Amendment issues with the agency-shop and opt-out regime two years ago in *Knox v. Service Employees International Union*. *See* 132 S. Ct. 2277, 2291 (2012) ("By authorizing a union to collect fees from nonmembers and permitting the use of an opt-out system for the collection of fees levied to cover nonchargeable expenses, our prior decisions approach, if they do not cross, the limit of what the First Amendment can tolerate.").

establishes irreparable injury. *Sammartano v. First Judicial Dist. Court, ex rel. Cnty. of Carson City*, 303 F.3d 959, 973 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013) ("'[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Because Appellants are suffering ongoing First Amendment injuries that this Court cannot abate—indeed, precisely *because* this Court lacks the authority to relieve those injuries—the Court should rule on this appeal as quickly as practicable, so that Appellants can take their claims to the one Court that does have that authority.

## <u>CONCLUSION</u>

Appellants respectfully request that, upon the completion of briefing on August 4, 2014, the Court immediately submit this case to a Screening Panel for a decision on the merits without argument.

Dated:  July 1, 2014                     Respectfully submitted:


/s/ Michael A. Carvin
Michael A. Carvin
   *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

| | |
|---|---|
| Christopher P. Burger<br>SCHOOLS LEGAL SERVICE<br>1300 17th Street<br>P.O. Box 2445<br>Bakersfield, CA 93303 | Henry Chi-Jen Wang<br>BAUTE CROCHETIERE &<br>MALONEY LLP<br>Suite 4900<br>777 South Figueroa Street<br>Los Angeles, CA 90017 |
| *Counsel for Appellee Donald E. Carter* | *Counsel for Appellee Ruth Pérez* |

Dated: July 1, 2014

Respectfully submitted,

   /s/ Michael A. Carvin
Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*