No. 13-57095

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,

*Plaintiffs-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,

*Defendants-Appellees*,

KAMALA D. HARRIS, Attorney General of California,

*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

## APPELLANTS' OPPOSITION TO
## APPELLEES' "STREAMLINED" REQUEST FOR AN EXTENSION

Michael E. Rosman
CENTER FOR
INDIVIDUAL RIGHTS
1233 20th Street N.W.
Suite 300
Washington, DC 20036
202.833.8400

Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*

In January, this Court's Appellate Commissioner—presumably acting at the direction of the Motions Panel—ordered the current briefing schedule following litigation between the parties over expediting this Appeal. *See* Dkt. 16 (Jan. 30, 2014). Pursuant to that schedule, Appellants filed their Opening Brief two days ago, just one day after the Supreme Court issued the decision that animated this Court-ordered schedule. But now, rather than abide by that Court-ordered schedule—a schedule that has already provided Appellees with *eight* months since the Notice of Appeal was filed to ponder their Answering Brief—Appellees have filed a "streamlined request for extension" that seeks to double their time for filing an Answering Brief in a proceeding where Appellants readily concede that their position cannot prevail before the three-judge panel. *See* Renewed Motion to Expedite, Dkt. 17 (July 1, 2014). This request is baseless and should be denied.

1. Appellants originally sought to brief this case on an expedited schedule beginning this past January. Dkt. No. 7 (Jan. 2, 2014). Appellees objected, however, on the grounds that briefing should wait until after the Supreme Court issued a decision in a related case that was pending at that time. Dkt. No. 10 at 4 (Jan. 8, 2014). In deference to this request, Appellants proposed a modified briefing schedule that would not commence until after the final day that the Supreme Court would be issuing opinions this term. Dkt. No. 13 at 1 (Jan. 14, 2014). Appellees then informed the Court that they "*do not oppose* the schedule proposed in [Appellants'] reply." Dkt. No. 15 at 3 (emphasis added). The Appellate Commissioner entered that schedule in a Court Order (Dkt. No. 16),

1

setting the due date for Appellants' Opening Brief on July 1, and for Appellees' Answering Brief on July 30.

Now, Appellees seek to alter—through a "streamlined request" unaccompanied by explanation—the schedule that they previously agreed to and that the Appellate Commissioner expressly adopted.  Had Appellees raised this request when the parties were litigating Appellants' Motion to Expedite in January, Appellant could have explained why the amount of time Appellee seeks—double the total amount of time provided for under Federal Rule of Appellate Procedure 31(a)(1), in a case where Appellants concede that they cannot prevail under currently-binding law—is unnecessary.  More to the point, the Motions Panel could have considered and ruled upon this request in January, when it was already adjudicating the first dispute over expediting this appeal.  Appellees should not be able to circumvent that process—and abandon the position they took during that process—by changing their position a few months later.

2.  Further, Appellants' request does not fit within the Court's new procedure for "streamlined requests."  *See* Announcement:  Streamlined Requests Replace Telephonic Requests for Extensions of Time, *available at* http://goo.gl/HQciOD.  Streamlined requests are "intended to be the sole extension of time to file the brief," and are permissible where a party "ha[s] not yet asked for any extension of time to file the brief."  But here, the parties already went through a full round of briefing regarding the proper due dates for their briefs.  The streamlined procedure is thus inapplicable.  Under the Circuit Rules, the only other way in which Appellees could obtain an extension is "upon written motion

2

supported by a showing of diligence and substantial need." Circuit Rule 31-2.2(a). But Appellees obviously have not attempted to make this showing. Nor could they, since they do not need two months to write an Answering Brief *agreeing with Appellants* that currently-binding Supreme Court and Circuit precedent foreclose Appellants' claims at this time. *See generally* Dkt. 17. The Circuit Rules therefore do not permit their requested extension.

3. Finally, it should be noted that granting Appellees' request would undermine Appellants' currently pending Motion to Expedite. On July 1, Appellants filed a renewed motion to expedite the submission of this case for decision following the completion of briefing. Dkt. No. 17. Appellees have stated their opposition to that motion, but have not yet filed any response. Their "streamlined request" would, however, directly undermine the very relief that motion seeks, by delaying the point at which this case can be decided. Appellees should not be permitted to evade Appellants' motion by obtaining a seemingly routine extension.

## CONCLUSION

Appellees' "streamlined request" for an extension should be denied.

Dated: July 3, 2014	Respectfully submitted:

/s/ Michael A. Carvin
Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

# **CERTIFICATE OF SERVICE**

     I hereby certify that on July 3, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

| | |
|---|---|
| Christopher P. Burger<br>SCHOOLS LEGAL SERVICE<br>1300 17th Street<br>P.O. Box 2445<br>Bakersfield, CA 93303 | Henry Chi-Jen Wang<br>BAUTE CROCHETIERE &<br>MALONEY LLP<br>Suite 4900<br>777 South Figueroa Street<br>Los Angeles, CA 90017 |
| *Counsel for Appellee Donald E. Carter* | *Counsel for Appellee Ruth Pérez* |

Dated: July 3, 2014                      Respectfully submitted,

                                                    /s/ Michael A. Carvin
                                         Michael A. Carvin
                                           *Counsel of Record*
                                         James M. Burnham
                                         William D. Coglianese
                                         JONES DAY
                                         51 Louisiana Avenue NW
                                         Washington, DC 20001
                                         202.879.3939

                                         *Counsel for Appellants*