No. 13-57095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,
*Plaintiffs-Appellants,*

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,
*Defendants-Appellees,*

KAMALA D. HARRIS, Attorney General of California,
*Defendant-Intervenor.*

On Appeal from the United States District Court For the Central District of
California, Santa Ana No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

**OPPOSITION OF DEFENDANTS-APPELLEES
CALIFORNIA TEACHERS ASSOCIATION, *et al.*
TO APPELLANTS' RENEWED MOTION TO
EXPEDITE AND TO SUBMIT ON THE PAPERS**

_____

JASON WALTA
National Education Association
Office of General Counsel
1201 16th Street, NW
Washington, DC 20036
Telephone: (202) 822-7041
jwalta@nea.org

LAURA P. JURAN
JACOB F. RUKEYSER
California Teachers Association
Legal Department
1705 Murchison Drive
Burlingame, California 94010
Telephone: (650) 552-5414
ljuran@cta.org
jrukeyser@cta.org

JEREMIAH A. COLLINS
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, DC 20005
Telephone: (202) 842-2600
jcollins@bredhoff.com

JEFFREY B. DEMAIN
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
jdemain@altshulerberzon.com

Attorneys for Defendants-Appellees
California Teachers Association, *et al.*

Plaintiffs-Appellants ("Plaintiffs") assert a First Amendment challenge to California statutes requiring educational employees represented by a union who choose not to become union members to pay an agency fee constituting a *pro rata* share of the union's "chargeable" expenditures (*i.e.*, those germane to collective bargaining), and to "opt out" on an annual basis if the nonmember does not wish to contribute to the union's "non-chargeable" expenditures.

Recognizing that mandatory agency fees were upheld in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977),[1] and that the use of an "opt out" procedure was upheld in *Mitchell v. Los Angeles School District*, 963 F.2d 258 (9th Cir. 1992), Plaintiffs state that "there are no issues for a panel of this Court to decide at this time." Appellants' Renewed Motion to Expedite and to Submit on the Papers ("Renewed Motion to Expedite") at 3. On that premise, Plaintiffs propose that this appeal be resolved by a Screening Panel, without oral argument. *Id.* at 4. Defendants-Appellees California Teachers Association, *et al.* ("the Unions") oppose Plaintiffs' motion.

1. With briefing not having been completed, Plaintiffs' motion is at best premature, for it is quite possible that issues will be joined in the briefing as to

---

[1] *In Harris v. Quinn,* 134 S. Ct. 2618 (2014), the petitioners, supported by Plaintiffs as *amici*, failed in their effort to persuade the Supreme Court to overrule *Abood*.

1

which consideration by a Merits Panel will be warranted and as to which oral argument may be appropriate. That is true for at least two reasons.

*First*, Plaintiffs' brief contains factual assertions that the Unions believe to be inaccurate. These include, among others, (i) the implication that the Plaintiffs are required to support "functions [that] include lobbying the government," Brief of Appellants at 6; (ii) the suggestion that the state and national unions do not incur substantial expenses in connection with collective bargaining pertaining to the Plaintiffs' bargaining units, *see id*. at 16; (iii) the assertion that "many policies advocated by the Unions do not benefit teachers," *id.* at 15; and (iv) the assertion that the Unions' opt-out procedures create an appreciable risk that nonmembers' fees will be used for political and ideological purposes with which those nonmembers do not agree, *see id.* at 23. If, as appears likely, the parties' briefs will reveal significant disagreements regarding the proper characterization of factual context in which this case arises, the summary disposition Plaintiffs propose may not be appropriate.

*Second*, although *Mitchell* "allow[ed an] opt-out regime," *see* Renewed Motion to Expedite at 2, such regimes may take several forms. The Unions believe that the system at issue in this case would be constitutional even if there may be circumstances in which some form of an opt-out requirement might be vulnerable to constitutional challenge. Based on the briefing, this Court may find it

2

appropriate to hold that *this* opt-out system would pass muster even if *Mitchell* had not categorically approved such systems. *See, e.g., Porter v. Winter*, 603 F.3d 1113, 1117 (9th Cir. 2010) (after concluding that the panel was bound by Supreme Court precedent, the panel explained why, "[e]ven if [it] were not bound by [that precedent]," it would reach the same result).

For these reasons, Plaintiffs' request to dispense with a Merits Panel and with oral argument should either be denied or deferred for resolution after completion of the briefing.

2.      Plaintiffs contend that this appeal should be expedited because they allegedly are suffering irreparable injury. *See* Renewed Motion to Expedite at 4-5. But Plaintiffs have been paying agency fees pursuant to an opt-out system for many years – as far back as 1997. *See* Complaint (C.D. Cal. Docket No. 1) ¶ 19. Plaintiffs do not assert that paying the fees subjects them to a significant financial burden. Nor are Plaintiffs harmed by the opt-out requirement, which each of them has satisfied, *see* Complaint ¶¶ 11-19, and which in any event involves nothing more than checking a box on a form. *See* Answer (C.D. Cal. Docket No. 66) ¶¶ 2-4 and Exhibit A thereto.

Unable to point to any actual harm, Plaintiffs assert that irreparable harm is established whenever a litigant has asserted "a colorable First Amendment claim." Renewed Motion to Expedite at 4-5, quoting *Sammartano v. First Judicial Dist.*

3

*Court,* 303 F.3d 959, 973 (9th Cir. 2002). That is incorrect. To be sure, an actual "loss of First Amendment freedoms . . . constitutes irreparable injury." *Valle Del Sol, Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013), quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976). But Plaintiffs' contention that this Court should treat a mere *possibility* of First Amendment injury as if it were a *probability* is, as this Court has recognized, an "aspect of this circuit's [previous] approach" to the irreparable injury calculus with which "the Supreme Court [has] disagreed." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. Natural Res. Defense Council,* 555 U.S. 7, 22 (2008)).

Thus, on the point for which Plaintiffs cite *Sammartano*, that decision has been "abrogated . . . by *Winter,*" *League of Wilderness Defenders v. Connaughton,* 752 F.3d 755, 766 (9th Cir. 2014), such that to establish irreparable injury, Plaintiffs must show a *likelihood*, not merely a *possibility*, that they will be found to be victims of a First Amendment violation. But Plaintiffs cannot make such a showing because the precedents that uphold the statutes and agency fee system they are challenging, which Plaintiffs acknowledge to be binding on this Court, establish that this Court is not free to presume that Plaintiffs are suffering any constitutional injury, irreparable or otherwise.

In any event, Plaintiffs' assertion of irreparable injury is a matter to be considered after briefing has been completed in September and the Court is in a

4

position to determine whether this appeal involves matters that warrant consideration by a Merits Panel, and if so, whether oral argument should be heard.

## CONCLUSION

For the reasons stated above, Plaintiffs' Renewed Motion to Expedite should be denied, or, in the alternative, resolution of the motion should be deferred until the briefing is complete.

Respectfully submitted,

| | |
|---|---|
| JASON WALTA<br>National Education Association<br>Office of General Counsel<br>1201 16th Street, NW<br>Washington, DC  20036<br>Telephone:  (202) 822-7041<br>jwalta@nea.org | */s/ Jeremiah A. Collins*<br>JEREMIAH A. COLLINS<br>Bredhoff & Kaiser, P.L.L.C.<br>805 Fifteenth St. N.W., Tenth Floor<br>Washington, DC  20005<br>Telephone:  (202) 842-2600<br>jcollins@bredhoff.com |
| LAURA P. JURAN (#199978)<br>JACOB F. RUKEYSER (#233781)<br>California Teachers Association<br>Legal Department<br>1705 Murchison Drive<br>Burlingame, California  94010<br>Telephone:  (650) 552-5414<br>ljuran@cta.org<br>jrukeyser@cta.org | JEFFREY B. DEMAIN (#126715)<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, California  94108<br>Telephone:  (415) 421-7151<br>jdemain@altshulerberzon.com<br><br>Attorneys for Defendants-Appellees |

Dated:  July 14, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2014, on behalf of Defendants-Appellees, I electronically filed the foregoing Opposition to Appellants' Renewed Motion to Expedite and to Submit on the Papers with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Ruth Pérez*

                                                      */s/ Jeremiah A. Collins*_____
                                                      Jeremiah A. Collins