No. 13-57095

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,

*Plaintiffs-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,

*Defendants-Appellees*,

KAMALA D. HARRIS, Attorney General of California,

*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

## REPLY BRIEF OF APPELLANTS

Michael E. Rosman
CENTER FOR
INDIVIDUAL RIGHTS
1233 20th Street N.W.
Suite 300
Washington, DC 20036
202.833.8400

Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*

# TABLE OF CONTENTS

**Page**

Table of Contents ...................................................................................i

Table of Authorities ...............................................................................i

The Parties Agree that the Court Should Affirm ....................................1

Conclusion ..............................................................................................5

# TABLE OF AUTHORITIES

**Page**

CASES

*Abood v. Detroit Board of Education,*
   431 U.S. 209 (1977).................................................................2

*Agostini v. Felton,*
   521 U.S. 203 (1997).................................................................3

*Harris v. Quinn,*
   134 S. Ct. 2618 (2014)............................................................2

*Int'l Ass'n of Machinists v. Street,*
   367 U.S. 740 (1961).................................................................2

*Knox v. Serv. Employees Int'l Union, Local 1000,*
   132 S. Ct. 2277 (2012)............................................................2

*Mitchell v. L.A. Unified Sch. Dist.,*
   963 F.2d 258 (9th Cir. 1992) ..................................................2

## THE PARTIES AGREE THAT THE COURT SHOULD AFFIRM

This case comes to the Court in a unique posture: All parties agree that affirmance is mandated by binding precedent. Consequently, the only sensible course is to enter the required affirmance without further argument or needless expenditure of scarce judicial resources. Although Appellants have accepted this reality, the Appellees who benefit from this binding precedent nonetheless contend that their assured victory on the papers should be accompanied by an inherently meaningless oral argument about issues that they concede this Court is foreclosed from revisiting or altering. Since holding argument *concededly* cannot affect how this appeal is resolved, Appellees' counter-intuitive request is necessarily a transparent effort to simply delay this Court's pre-ordained resolution (as a means of artificially postponing the Supreme Court's consideration of Appellants' request to overturn the binding precedent that currently forecloses their First Amendment claims).

Appellants (non-union public-school teachers) filed this suit to vindicate their First Amendment rights, which Appellees (public-school teachers' unions and superintendents) violate by (1) imposing agency-shop arrangements, under which all teachers must fund union expenditures germane to collective-bargaining; and (2) taking an increased fee to fund the unions' political expenditures unless each teacher affirmatively opts out every year. But Appellants acknowledge that these claims are currently foreclosed by binding precedent and that their objective is to pursue the claims before the Supreme Court, which has twice in the past several

years questioned the public-sector agency shop's constitutionality.[1]  Accordingly, the district court granted judgment on the pleadings in Appellees' favor, and Appellants' Opening Brief asked this Court to affirm that judgment.

In their answering briefs, Appellees and the California Attorney General (as Intervenor) affirmatively agree that currently-binding precedent requires affirmance of the district court.  *See* Appellees' Br. at 1 ("All parties recognize that affirmance of the District Court's decision is required by controlling precedents …."); Cal. Att'y Gen. Br. at 2 ("[T]he district court's order granting judgment for defendants must be affirmed ….").  Thus, the Court should accept the parties' agreement and affirm the district court.

*First*, all parties agree that public agency shops are currently authorized by the Supreme Court's decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977).  And because this Court has no authority to overrule *Abood*, that agreement necessarily resolves this appeal.

*Second*, all parties also agree that Appellees' opt-out regimes are currently authorized by Ninth Circuit precedent, which itself relies on Supreme Court decisions tacitly approving such regimes.  *See Mitchell v. L.A. Unified Sch. Dist.*, 963 F.2d 258, 260 (9th Cir. 1992) (citing, inter alia, *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740 (1961)).  Appellants' contention is that it is unconstitutional to

---

[1] *See Harris v. Quinn*, 134 S. Ct. 2618, 2643 (2014) (the agency shop "unquestionably impose[s] a heavy burden on the First Amendment interests of objecting employees"); *Knox v. Serv. Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2291 (2012) (agency-shop arrangements "approach, if they do not cross, the limit of what the First Amendment can tolerate").

force them to affirmatively invoke their First Amendment right not to fund speech with which they disagree, when the unions obviously do not have any countervailing right to Appellants' money. But *Mitchell* and the decisions it relies upon prevent that contention from prevailing in this appeal, so affirmance of the district court's dismissal is mandated here.

Again, Appellees agree that Appellants' opt-out argument is foreclosed by *Mitchell*, and specifically aver that the *Supreme Court* "decisions" on "which this Court relied in *Mitchell*" are also "binding here." Appellees' Br. at 31, citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997); *see also* Cal. Att'y Gen. Br. at 17 ("[T]his Court's decision upholding the use of opt-out requirements in *Mitchell* … is controlling."). Nonetheless, Appellees bizarrely contend that there should be oral argument on this concededly foreclosed issue. According to Appellees, argument is purportedly warranted because it would allow this Court to issue a hypothetical opinion demonstrating why, even if the Supreme Court overrules "those binding precedents" such as *Mitchell*, the "*particular* opt-out system at issue *in this case* would pass muster" under the future, hypothesized Supreme Court opinion generally invalidating op-out procedures. *Id.* at 31 (emphasis added). Thus, according to Appellants, this Court should have an argument in order to hypothesize a Supreme Court opinion that overturns opt-out precedents such as *Mitchell*, further hypothesize that the Supreme Court opinion overruling these precedents will be accompanied by a new rule which legitimizes *some* opt-out procedures, and then opine that the opt-out procedure here falls on the permissible side of valid opt-out procedures under the hypothetical line drawn by

the hypothetical Supreme Court opinion. Needless to say, this suggestion is meritless at every conceivable level.

*First*, *Appellees* themselves cannot even *articulate* a constitutional theory which would somehow validate their opt-out regime while outlawing opt-out regimes like those in *Mitchell*. Rather, Appellees' entire analysis is simply that opt-out regimes do not raise even a cognizable First Amendment harm (outside the purportedly inapposite "viewpoint discrimination" context (*id*. at 39-40)), because "merely having to check a box on a form" is inherently "non-coercive and non-burdensome" (*id*. at 35). This, of course, is simply an argument that *all* opt-out regimes—the one in *Mitchell* and the one here—are acceptable because non-burdensome. It is not even an attempt to distinguish *among* opt-out regimes and explain why the one here is acceptable, but those in *Mitchell* and elsewhere are not. Since Appellees cannot even articulate a line distinguishing between *Mitchell*-type opt-out regimes and this particular opt-out regime, the Court has no basis for drawing such a line or explaining why this regime does not contain the flaws of such impermissible regimes. Thus, even on Appellees' logic, oral argument would be purposeless because it would not result in an opinion distinguishing among opt-out regimes, but simply one which reaffirms *Mitchell's* validity.

*Second*, even if Appellees *could* conceive of a reason for distinguishing this case from *Mitchell*, they would still be asking for an advisory opinion anticipating what lines the Supreme Court *might* draw *if* it issues a decision that would have the effect of overruling *Mitchell*. Appellees contemplate a Supreme Court decision that condemns opt-out strongly enough to nullify *Mitchell*, but not strong enough

to forbid opt-out regimes altogether. It is totally unclear how the Supreme Court could issue such a decision; indeed, Appellees themselves are unable to suggest any sort of compromise position the Supreme Court could adopt that would lead to this result. It would be a total waste of this Court's resources to hold what would amount to a moot-court session on the constitutionality of Appellees' opt-out regime, all in hopes of crafting an opinion designed to anticipate a contingency that not even Appellees can identify. Of course, if the Supreme Court were to draw such a line in the future, then the validity of the opt-out system here could actually be *analyzed* under that *comprehensible* line on remand.

*Third*, Appellees' request is procedurally barred. In the district court, Appellees joined in Appellants' motion for judgment on the pleadings, without qualification. If Appellees intended to pursue an alternative grounds for a decision in their favor, they should have presented that theory to the district court. This is particularly important because any basis for distinguishing Appellees' opt-out regime from that at issue in *Mitchell*—to the extent that such a basis exists—would necessarily rely on factual issues best left to the judgment of the district court in the first instance. This Court should not indulge arguments never presented below, raised now only in a barely disguised attempt at slowing Appellants' efforts to pursue their First Amendment claims before the Supreme Court.

## CONCLUSION

Appellants respectfully ask the Court to affirm the district court's judgment as quickly as is practicable—and without conducting oral argument—so that Appellants may take their claims to the Supreme Court.

Dated:  September 16, 2014          Respectfully submitted:


      /s/ Michael A. Carvin
_____
Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
(202) 879-3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      I hereby certify that the foregoing brief complies with the page-volume limitation of Fed. R. App. P. 32(a)(7)(A) because it contains 6 pages, and also complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1252 words, as determined by the word-count function of Microsoft Word 2007, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      I hereby certify that the foregoing brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007, 14-point Times New Roman.


Dated:  September 16, 2014                    Respectfully submitted,

                                                          /s/ Michael A. Carvin
                                                        Michael A. Carvin
                                                        JONES DAY
                                                        51 Louisiana Avenue NW
                                                        Washington, DC 20001
                                                        202.879.3939

                                                        *Counsel for Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participant:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Dated: September 16, 2014 Respectfully submitted,

/s/ Michael A. Carvin
Michael A. Carvin
*Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*