No. 13-57095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,
*Plaintiffs-Appellants,*

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,
*Defendants-Appellees,*

KAMALA D. HARRIS, Attorney General of California,
*Defendant-Intervenor.*

On Appeal from the United States District Court
For the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

**OPPOSITION OF DEFENDANTS-APPELLEES CALIFORNIA TEACHERS ASSOCIATION, *et al.* TO APPELLANTS' "URGENT MOTION FOR SUMMARY AFFIRMANCE OR TO SUBMIT ON THE PAPERS"**

_____

JASON WALTA
National Education Association
Office of General Counsel
1201 16th Street, NW
Washington, DC 20036
Telephone: (202) 822-7041
jwalta@nea.org

LAURA P. JURAN
JACOB F. RUKEYSER
California Teachers Association
Legal Department
1705 Murchison Drive
Burlingame, California 94010
Telephone: (650) 552-5414
ljuran@cta.org
jrukeyser@cta.org

JEREMIAH A. COLLINS
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, DC 20005
Telephone: (202) 842-2600
jcollins@bredhoff.com

JEFFREY B. DEMAIN
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
jdemain@altshulerberzon.com

Attorneys for Defendants-Appellees
California Teachers Association, *et al.*

INTRODUCTION AND BACKGROUND

This appeal presents two constitutional questions. First, whether public employees who do not choose to become members of the union that is their exclusive bargaining representative, but to whom the union owes a statutory duty of fair representation, have a First Amendment right to pay nothing for the representation they receive. Second, where nonmembers are provided the opportunity to "opt out" of paying their share of the union's political and other "nonchargeable" activities by checking a box on a form sent to them annually, whether a nonmember who has thus opted out and who does not allege that the "opt-out" system is burdensome in any respect states a First Amendment claim merely by alleging that the union should have adopted a system under which only those nonmembers who affirmatively "opt in" will be required to pay a share of the union's nonchargeable expenses.

Plaintiffs-appellants ("Plaintiffs") state that those issues are of such importance that they intend to pursue this case to the Supreme Court. However, with respect to the first issue (the "agency shop" issue), Plaintiffs state that this Court is bound by Supreme Court precedent, *Abood v. Detroit Board of Education,* 431 U.S. 209 (1977), to affirm the district court's judgment in favor of Defendants-Appellees ("the Unions"). With respect to the second issue (the "opt-out" issue), Plaintiffs state that this Court must affirm by virtue of circuit precedent, *Mitchell v.*

1

*Los Angeles Unified School District,* 963 F.2d 258 (9th Cir. 1992). *See* Complaint ¶ 85 (ER 68); Brief of Appellants at 3; Appellants' "Urgent Motion for Summary Affirmance or to Submit on the Papers" at 4-5.

Plaintiffs assert that in these circumstances this Court has no proper role to play other than to summarily affirm the district court's decision, and they have filed a series of motions predicated on that view. In response to the second such motion, styled a "Renewed Motion to Expedite and to Submit on the Papers," an order was entered on July 16, 2014, denying the motion to expedite and directing that "[t]he request to submit the case without oral argument, and any future related filings, are referred for disposition to the panel that considers the merits of the case." Plaintiffs now have submitted such a related filing – their "Urgent Motion for Summary Affirmance or to Submit on the Papers." By order entered on October 3, 2014, that motion has been "referred to the panel assigned to decide the merits of this appeal for whatever consideration the panel deems appropriate." The "Urgent Motion" asserts on its cover page that "Action [is] Necessary by October 31, 2014," but nothing in the motion papers indicates that that date is of any special significance, much less explains why that is so.

For the reasons stated herein, the Unions oppose Plaintiffs' Motion.

ARGUMENT

The Unions agree that the issues presented by this appeal are governed by controlling precedent – although, as regards the "opt-out" issue, affirmance is dictated not only by *Mitchell* but also by *Chicago Teachers Union, Local 1 v. Hudson*, 475 U.S. 292 (1986). *See* Brief of Defendants-Appellees at 31. But the Unions emphatically do *not* agree that this Court's role is as circumscribed as Plaintiffs would have it.

1.  In the first place, however settled may be the substantive law that applies to this appeal, the parties' briefs present very different accounts of the facts, as framed by the pleadings, that are relevant to Plaintiffs' constitutional claims. In their brief, Plaintiffs resort to broad generalizations and take no cognizance of important aspects of the pleadings and of the proceedings below. For example, Plaintiffs refer in conclusory fashion to the "burden" and "risk" to which they believe an opt-out system may subject some employees, *see* Brief of Appellants at 21-23, but the Unions' brief shows that the opt-out procedure at issue in this case subjects these Plaintiffs to no cognizable burdens or risks at all; and in the district court, Plaintiffs disavowed any contention that the requirement of opting out subjects them to any real burden. *See* Brief of Defendants-Appellees at 35-38. The Unions' brief also notes several other important facts that are misstated

3

or ignored by Plaintiffs. *See, e.g., id.* at 6 & n. 2, 7 & n. 3, 7-8 & n. 4, 9 & n. 5, 10 & n. 6, 10-11 & n. 7, 14, 21-23.

The district court's four-page order does not mention most of these facts. To properly frame the issues presented for decision, the Unions respectfully submit that, rather than affirming the district court's order without opinion, it would be appropriate for this Court to recount and consider the relevant facts that bear on Plaintiffs' claims.

2. Second, that the disposition of an appeal is dictated by controlling authority does not mean that this Court has no reason to address the merits.

a. It is common for this Court to address the merits of a claim while acknowledging that controlling authority dictates the disposition of the appeal. One recent example is *Ritchie v. United States,* 733 F.3d 871 (9th Cir. 2013), *cert. denied,* 134 S. Ct. 2135 (2014). There, the Court explained in detail why it did not find merit in the plaintiff's position on an issue, *id.* at 875-77, before noting that, "[i]n any event, we are not free to make this judgment call" because the disposition the panel viewed as correct was dictated in any event by circuit precedent, *id.* at 877.[1] So too, in *Porter v. Winter,* 603 F.3d 1113 (9th Cir. 2010), after concluding that resolution of the Title VII attorneys' fee question presented in that case was dictated by the Supreme Court's decision in *New York Gaslight Club, Inc. v.*

---

[1] Judge Nelson wrote separately "to highlight how this case reveals the questionable validity" of the precedent that she agreed was binding. *Id.* at 879.

4

*Carey*, 447 U.S. 54 (1980), this Court proceeded to explain why, "[e]ven if we were not bound by *Carey,* the structure of Title VII and the plain language of its fee shifting provisions would compel us to reach the same result." *Porter*, 603 F.3d at 1117.

Conversely, in *Dahlia v. Rodriguez,* 689 F. 3d 1094, 1104 (9th Cir. 2012), *rev'd*, 735 F.3d 1060 (9th Cir. 2013) (*en banc), cert. denied*, 134 S. Ct. 1283 (2014), the panel criticized a circuit precedent at length before stating that "[w]e feel compelled . . . to follow [the precedent], despite our conclusion that it was wrongly decided." *See also United States v. Grandberry,* 730 F.3d 968, 983 (9th Cir. 2013) (Watford, J, concurring) (criticizing precedent the panel was "bound to follow"); *Makaeff v. Trump Univ., LLC,* 715 F. 3d 254, 272 (9th Cir. 2013) (Kozinski, C.J., concurring) (criticizing controlling circuit precedent as "wrong").

Countless other examples could be cited of cases in which this Court, or a concurring Judge, has addressed the merits of an issue despite acknowledging that the outcome was dictated by controlling precedent. Plaintiffs are simply wrong in suggesting that a merits panel could not properly choose to do so here.

b. There is a particularly compelling reason why it would be appropriate for the Court to address the merits of the "opt-out" issue rather than simply affirming without full consideration or opinion. In *Knox v. Service Employees Int'l Union, Local 1000*, 132 S. Ct. 2277 (2012) – the decision on which Plaintiffs

5

principally rely – the Supreme Court stated in *dictum* that the caselaw upholding opt-out systems on which this Court relied in *Mitchell* "c[a]me about more as a historical accident than through the careful application of First Amendment principles," *id.* at 2290, and the *Knox dictum* suggested that those decisions had not sufficiently analyzed the issue within the broader framework of caselaw concerning compelled speech and association, *see id.* at 2290-91.

    Although we do not believe that the *Knox dictum* is well taken, the Unions' brief shows that, under the caselaw to which the *Knox* Court referred, the opt-out system in this case, as applied to these Plaintiffs, satisfies First Amendment requirements. Consequently, even if *Mitchell* had not upheld opt-out systems as a general matter, basic First Amendment principles, as articulated in the very cases cited in *Knox*, would call for sustaining the opt-out procedure at issue in this case. In these circumstances, it would be entirely appropriate for the Court to explain that the Unions' opt-out procedure would pass constitutional muster "[e]ven if [the Court] were not bound by [*Mitchell*]." *Porter*, 603 F. 3d at 1117.

    Plaintiffs apparently would prefer that this Court decide this case without addressing the points raised in *Knox,* so that they will be able to assert in a petition for certiorari that this Court's disposition rests solely on *Mitchell,* which relied on caselaw subsequently characterized in *Knox* as a "historical accident," and that neither in this case nor in *Mitchell* did this Court engage in the kind of analysis that

6

*Knox* suggests may be called for. This Court is not required to leave its decision open to that critique. The Unions respectfully submit that the Court should address the opt-out issue on the merits, while acknowledging that the Court is bound by *Mitchell* (and, in our view, by *Hudson* as well).

    c.    In advocating such a disposition, the Unions are *not,* as Plaintiffs assert, asking this Court to guess at what the Supreme Court might say in the future about opt-out procedures and to distinguish this case from *Mitchell* in some way that would be relevant under such a hypothetical future ruling. *See* Plf. Motion at 6-7. The Unions are simply noting that it is open to the Court to determine that, if it were not bound by the ruling in *Mitchell* sustaining opt-out systems generally, the system involved here, as applied to these plaintiffs, would satisfy First Amendment requirements.[2]

---

[2] Plaintiffs are incorrect in suggesting that, to present an issue for this Court to address, the Unions must find "some basis for distinguishing this case from *Mitchell*." Plf. Motion at 6. As the preceding discussion makes clear, it would be appropriate for this Court to address the opt-out issue even if *Mitchell* were entirely indistinguishable from this case. But there are a number of respects in which Plaintiffs' challenge to the opt-out procedure here is weaker than the challenge in *Mitchell*. For one thing, in this case the Unions have provided support (made relevant by *dicta* in *Knox*, 132 S. Ct. at 2290) for the proposition that nonmembers should not be assumed to be generally opposed to the Unions' nonchargeable activities. *See* Brief of Defendants-Appellees at 10-11 & n. 7, *id.* at 43. It does not appear that such a showing was made in *Mitchell*. Second, in *Mitchell none* of the plaintiffs had opted out, *see* 963 F.2d at 259, whereas in this case *all* of the plaintiffs have opted out, *see* Brief of Defendants-Appellees at 8 – a fact that undermines any contention that the opt-out requirement has subjected them to a First Amendment injury. *See id.* at 41, 43. Third, under the procedure applied by

7

   d. Nor is the Unions' position "procedurally foreclosed," Plf. Motion at 7. In their response to Plaintiffs' motion for judgment on the pleadings, the Unions submitted a 25-page brief that made the same arguments as the Unions are making on appeal, including the contention that the Unions' opt-out procedure "passes constitutional muster, not only by virtue of the controlling decision of the Ninth Circuit in *Mitchell, supra,* but by application of clear Supreme Court jurisprudence." *Friedrichs v. Cal. Teachers Ass'n*, No. 13-cv-676, Dkt. No. 90 at 14 (Aug. 9, 2013). To that end, the Unions discussed *Knox* and the "compelled speech/compelled association" decisions cited in that case, see *id*. at 15-18; and they emphasized the importance of facts that are specific to this case in arguing that, even putting *Mitchell* aside, no cognizable First Amendment impingement arises on these facts. *See id.* at 17, 19 n. 12, 21, 24.

 Moreover, even if the Unions were raising a point not asserted in the district court – which is not the case – this case Court may affirm the judgment of a lower court on any ground supported by the record, even if that ground has not been asserted below. *See, e.g., Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 914 n.9 (9th Cir. 1993), *cert. denied*, 512 U.S. 1205 (1994).

---

the Unions in this case, a nonmember who opts out is charged *less* than the individual's share of the Unions' *chargeable* expenses. *See id.* at 8. That was not the case in *Mitchell*, and it means that in this case, any cost a nonmember might incur in opting out is more than offset by the augmented fee reduction the objector will receive. *See* Brief of Defendants-Appellees at 35 n.15.

3. Plaintiffs argue that this Court should expedite this appeal because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Plf. Motion at 5 (quoting *Valle Del Sol Inc. v. Whiting,* 709 F.3d 808, 828 (9th Cir. 2013)).[3] But, under what Plaintiffs acknowledge to be binding precedent, they are *not* suffering any loss of First Amendment freedoms. In *Valle Del Sol,* the Court turned to the question of irreparable injury only after having first determined "that plaintiffs are likely to succeed on the merits of their First Amendment claim." *Id.* By Plaintiffs' own admission, controlling precedent precludes such a determination here.

This Court does not grant expedited treatment in every case that involves a First Amendment claim. A case in which such a claim is foreclosed by controlling precedent is the last kind of case that should qualify for such special handling.

---

[3] Apart from the hypothesized "loss of First Amendment freedoms," Plaintiffs do not contend that they are experiencing any irreparable injury. In point of fact, the "opt-out" procedure is not injuring the Plaintiffs at all. Through that procedure, each of them has submitted an objection that has resulted in their paying for *none* of the Unions' nonchargeable activities, and for less than their fair share of the Unions' *chargeable* expenses. Nor do Plaintiffs allege that the reduced fee they are required to pay results in any financial hardship.

9

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion should be denied.

Respectfully submitted,

*/s/ Jeremiah A. Collins*

| | |
|---|---|
| JASON WALTA<br>National Education Association<br>Office of General Counsel<br>1201 16th Street, NW<br>Washington, DC  20036<br>Telephone:  (202) 822-7041<br>jwalta@nea.org | JEREMIAH A. COLLINS<br>Bredhoff & Kaiser, P.L.L.C.<br>805 Fifteenth St. N.W., Tenth Floor<br>Washington, DC  20005<br>Telephone:  (202) 842-2600<br>jcollins@bredhoff.com |
| LAURA P. JURAN (#199978)<br>JACOB F. RUKEYSER (#233781)<br>California Teachers Association<br>Legal Department<br>1705 Murchison Drive<br>Burlingame, California  94010<br>Telephone:  (650) 552-5414<br>ljuran@cta.org<br>jrukeyser@cta.org | JEFFREY B. DEMAIN (#126715)<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, California  94108<br>Telephone:  (415) 421-7151<br>jdemain@altshulerberzon.com<br><br>Attorneys for Defendants-Appellees<br>California Teachers Association, *et al.* |

Dated: October 14, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2014, on behalf of Defendants-Appellees, I electronically filed the foregoing Opposition to Appellants' Urgent Motion for Summary Affirmance or to Submit on the Papers with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Ruth Pérez*

                                                        */s/ Jeremiah A. Collins*
                                                        Jeremiah A. Collins