No. 13-57095

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

REBECCA FRIEDRICHS, et al.,

*Plaintiffs-Appellants*,

v.

CALIFORNIA TEACHERS ASSOCIATION, et al.,

*Defendants-Appellees*,

KAMALA D. HARRIS, Attorney General of California,

*Defendant-Intervenor*,

On Appeal from the United States District Court
for the Central District of California, Santa Ana
No. 8:13-cv-00676-JLS-CW
Judge Josephine L. Staton

## APPELLANTS' REPLY IN SUPPORT OF
## URGENT MOTION FOR SUMMARY AFFIRMANCE OR TO SUBMIT ON THE PAPERS

Michael E. Rosman
CENTER FOR
INDIVIDUAL RIGHTS
1233 20th Street N.W.
Suite 300
Washington, DC 20036
202.833.8400

Michael A. Carvin
 *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*

This appeal is ripe for decision. The Appellants—*i.e.*, the people and entity who filed this appeal—acknowledge that they cannot prevail before this Court under currently binding precedent. The Appellees (obviously) agree with that assessment. Summary affirmance is therefore warranted.

The Appellee Unions ask the Court to reject this straightforward course. Rather than quickly rule in their favor, they ask that the Court host an academic seminar on the wisdom of opinions the Court is bound to follow regardless of how wise it believes them to be. Such an exercise is not an appropriate use of this Court's limited resources. It should therefore reject Appellees' efforts to prolong this proceeding and instead enter judgment as expeditiously as possible in accordance with binding Supreme Court and Ninth Circuit precedent.

**1.** Appellees' first rationale for conducting oral argument is that this Court should engage in *de novo* appellate fact-finding. *See* Opp. 3-4. Appellees cite no precedent for a court of appeals conducting *de novo* fact-finding, particularly in the context of a purely legal appeal from a judgment on the pleadings. That is because, of course, the American legal system puts district courts in charge of finding facts and appellate courts in charge of reviewing those findings. *See, e.g.*, *Jacuzzi Bros. v. Berkeley Pump Co.*, 191 F.2d 632, 634 (9th Cir. 1951) ("The assumption of [*de novo* fact-finding] authority by the appellate court would be an usurpation. . . . If there is not firm adherence to such a rule, everything is cast adrift."). Nor do Appellees provide any explanation for how, even if it were appropriate for this Court to make its own factual findings, which it is not, the Court is supposed to make those fact findings on the basis of a complaint

1

and an answer. The Court should thus reject this basis for prolonging this appeal out of hand.

    **2.**    a.    Appellees next claim that "[i]t is common" for this Court to conduct oral argument and issue a published opinion in an appeal that is squarely foreclosed by binding precedent. Opp. at 4. Appellees are wrong. In every example they cite, a party argued that his or her case was distinguishable from binding precedent. *See Ritchie v. United States*, 733 F.3d 871, 876 (9th Cir. 2013) ("Ritchie attempts to distinguish *Monaco* on two grounds"); *United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013); ("We begin by addressing the government's argument that *Motley*, *Howard*, and their progeny are no longer binding law in light of *Samson*."); *Porter v. Winter*, 603 F.3d 1113, 1115 (9th Cir. 2010) ("the Navy asserts that *Carey* does not control the outcome of this case"); *see also generally Makaeff v. Trump Univ., LLC*, 715 F.3d 254 (9th Cir. 2013) (making clear the parties sharply disputed the proper outcome on appeal); *Dahlia v. Rodriguez*, 689 F.3d 1094 (9th Cir. 2012) (same). Those cases thus featured a live legal dispute. This one does not. And Appellees have no examples of this Court insisting on presiding over an oral argument at which the adversaries step to the lectern and *agree* on what course the Court is bound to take.

    b.    The Appellee unions next ask this Court to conduct oral argument and issue a published opinion extolling the virtues of the precedents it is bound to apply. Such an opinion would be dicta since there is no dispute for this Court to resolve about whether those decisions are binding. *See, e.g.*, *United States v. Henderson*, 961 F.2d 880, 882 (9th Cir.1992) (defining dicta as language

that is "unnecessary to the court's holding"). Such an opinion would thus also be advisory. "Given the constitutional ban on advisory opinions, there exists a strong judicial aversion to render potentially nondispositive rulings." *Lanza v. Ashcroft*, 389 F.3d 917, 929 (9th Cir. 2004); *see also, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 96 & n. 14 (1968) (noting that "[t]he rule against advisory opinions was established as early as 1793" and that it "has been adhered to without deviation"). This Court should decline the Appellees' request for such an advisory ruling here.[1]

  c. Finally, in requesting oral argument, Appellees ignore Federal Rule of Appellate Procedure 34(a)(2)(B). That rule makes clear that oral argument is generally unnecessary when "the dispositive issue or issues have been authoritatively decided." *Id.* This appeal falls squarely within that rule. And that is, no doubt, why Appellees fail to muster any examples of this Court conducting oral argument in the face of acknowledgment by the Appellant that its claims are foreclosed in this Court at the present time.

  **3.** No one disputes the basic maxim that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also, e.g.*, *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013) (same). Defendants' argument is merely that Plaintiffs suffer no such injury because they have no "colorable" First Amendment *merits* claim in *this* Court due to adverse binding precedent. *See* Opp.

---

[1] Appellees raise the specter that failing to issue such an opinion will open the Court to "critique," Opp. at 7, but plainly this Court cannot be criticized for simply applying binding precedent. That is how binding precedent works. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997); *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

at 9. But that undisputed reality reinforces why this Court should rule on Plaintiffs' claims *summarily and quickly*, enabling Plaintiffs to quickly proceed to the Court that *can* resolve their First Amendment claims on the merits and thus relieve Plaintiffs from their constitutional injury.

Appellees never wrestle with the simple fact that—unlike many First Amendment cases, arising from discrete past events—the First Amendment harm in this case is ongoing every single day in this appeal. That is, no doubt, why Appellees are doing everything they can to slow the train. Every pay period that passes, Appellees take more money from Appellants' paychecks and spend that money on expressive conduct in direct contravention of Appellants' First Amendment rights. After all, if the Appellant teachers are correct that the First Amendment forbids the agency-shop scheme the Appellee unions operate, then those teachers are clearly suffering irreparable harm on an ongoing basis in the form of (1) unconstitutional compelled speech (via compelled payments for "chargeable" expenses) and (2) an unconstitutional burden on Plaintiffs' speech (via the continuing-to-apply, annual "opt out' requirement). That harm is not only *likely*, it is *certain*. Indeed, it is *not even disputed* by Appellees, who readily admit that the Appellant teachers are, in fact, subject to this unconstitutional regime.

Time is therefore of the essence. And moving quickly to summarily affirm the district court is entirely sensible where, as here, there is nothing for this Court to decide. Minimizing this continuing violation of Appellants' First Amendment rights is why Appellants have requested resolution of this motion by the end of October. The need to do so amply warrants such urgent treatment.

## **CONCLUSION**

Appellants respectfully request that the Court summarily affirm the district court's ruling as expeditiously as possible.

Dated:  October 16, 2014	Respectfully submitted:

/s/ Michael A. Carvin
Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036

*Counsel for Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2014, on behalf of Plaintiff-Appellants, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, for delivery within 3 calendar days to the following non-CM/ECF participants:

Christopher P. Burger
SCHOOLS LEGAL SERVICE
1300 17th Street
P.O. Box 2445
Bakersfield, CA 93303

*Counsel for Appellee Donald E. Carter*

Henry Chi-Jen Wang
BAUTE CROCHETIERE &
MALONEY LLP
Suite 4900
777 South Figueroa Street
Los Angeles, CA 90017

*Counsel for Appellee Ruth Pérez*

Dated: October 16, 2014

Respectfully submitted,

  /s/ Michael A. Carvin
Michael A. Carvin
  *Counsel of Record*
James M. Burnham
William D. Coglianese
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
202.879.3939

*Counsel for Appellants*